Merling v Ash Dev., LLC (2021 NY Slip Op 05554)





Merling v Ash Dev., LLC


2021 NY Slip Op 05554


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-07035
 (Index No. 719085/18)

[*1]Esther Merling, appellant, 
v
Ash Development, LLC, et al., respondents, et al., defendant.


Klein Slowik, PLLC, New York, NY (J. Michael Gottesman and Christopher M. Slowik of counsel), for appellant.
Rosenberg Calica & Birney, LLP, Garden City, NY (Robert M. Calica and Judah Serfaty of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring, inter alia, that the plaintiff owns certain real property containing a window well under the doctrine of adverse possession and that the defendants' easement over the westerly wall of the plaintiff's residence is extinguished, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr.), dated May 30, 2019. The order fixed the amount of an undertaking pursuant to CPLR 6312 in the amount of $1 million.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In December 2018, the plaintiff commenced an action pursuant to article 15 of the Real Property Actions and Proceedings Law seeking to quiet title as to a window well that she alleged she gained possession of via adverse possession and a declaratory judgment that the defendants' easement over the westerly wall of the plaintiff's residence is extinguished. Concurrently, by order to show cause, the plaintiff also sought, among other things, to enjoin the defendants from destroying or disturbing a subterranean window well that she had built that crossed over the property line onto the defendants' property and from performing construction operations on or under the westerly side of her residence until the conclusion of the action.
In an order dated December 24, 2018 (hereinafter the December 2018 Order), the Supreme Court denied that branch of the plaintiff's motion which was for a preliminary injunction, which is the subject of a related appeal under Appellate Division Docket No. 2018-15134. Thereafter, in a decision and order on motion dated February 1, 2019 (hereinafter the February 2019 Order), this Court granted those portions of a motion brought by the plaintiff that sought to enjoin the defendants, or anyone acting on their behalf, from performing certain construction work which encroaches upon the plaintiff's property or destroys or disturbs the subterranean window well appurtenant to the plaintiff's property, pending hearing and determination of the related appeal. The February 2019 Order was conditioned on, inter alia, the plaintiff posting an undertaking in a sum to be fixed by the Supreme Court. Upon remittal, the defendants moved for an order fixing the undertaking in the sum of $1,703,332. The plaintiff opposed. Thereafter, in an order dated May 30, 2019, the Supreme Court fixed the amount of the undertaking in the sum of $1,000,000. The plaintiff appeals.
In the related appeal, under Appellate Division Docket No. 2018-15134, this Court has reversed the December 2018 Order and has granted the plaintiff's motion for a preliminary injunction (see Merling v Ash Development, LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-15134]). This appeal has therefore been rendered academic in light of our disposition of the related appeal (see Wallkill Cemetery Assn., Inc v Town of Wallkill, 73 AD3d 1164, 1165). Accordingly, the appeal is dismissed as academic without prejudice to the plaintiff to move to discharge the $1,000,000 undertaking pursuant to the terms of the February 2019 Order.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court